UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| United States of America, | Case No.: 2:23-cr-00106-CDS-DJA |
|---|---|
| Plaintiff | **Order Granting Motion to Seal, Motion for Appointment of Counsel, and Motion for Early Termination of Supervised Release** |
| v. | |
| Charles Monroe, | |
| Defendant | [ECF Nos. 5, 6, 8] |

Charles Monroe moves for early termination of his supervised release term, which was filed on his behalf by Assistant Federal Public Defender Heidi Ojeda.[1] ECF No. 8. The government filed a notice of non-opposition. ECF No. 10. The motion is granted. Supervised release is hereby terminated, effective immediately.

I. Background information

In January of 2012, Monroe was indicted in the Southern District of California[2] for one count of conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (846). *See* Indictment, ECF No. 4-1. On March 22, 2013, after pleading guilty to the indictment, Monroe was sentenced to 120 months of imprisonment, followed by 5 years of supervised release. Judgment, ECF No. 4-2 at 2–3. After completing his term of imprisonment, Monroe began his term of supervision on October 16, 2020, which a scheduled termination date of October 15, 2025. ECF No. 2 at 2.

---

[1] Contemporaneous to the motion for early termination, counsel also filed a motion for appointment of counsel (ECF No. 5), and a motion to seal Monroe's financial affidavit (ECF No. 6). Both motions are granted. Regarding the motion to seal, though council neglects to address the compelling reasons test set forth in *Kamakana*, I find that the proffered reason for sealing meets the compelling reasons standard here as the affidavit contains Monroe's private financial information. 447 F.3d 1172 (9th Cir. 2006). Therefore, the clerk's office kindly is instructed to maintain seal on the affidavit (ECF No. 7) until for further order of the court.

[2] This case was transferred to the District of Nevada in June of 2023. ECF Nos. 2, 4.

On January 3, 2024, Monroe filed a motion seeking early termination of his term of supervised release. ECF No. 8. Monroe, who has been supervised for over three years without any violations, argues that he has taken advantage of opportunities to rehabilitate himself, both in and out of custody. *Id.* at 3. Those efforts while in-custody include: (1) completing over 30 classes while incarcerated; (2) successfully completing the Residential Drug Abuse Program[3]; (3) maintaining employment throughout his incarceration by working in the kitchen preparing vegetables for meals; and (4) completing maintenance and plumbing repairs inside the administrative building. *Id.* Monroe maintained steady employment from his release through his term of supervision. *Id.* While his employment situation has recently changed, he is actively seeking new employment. *Id.* Further, Monroe discusses his devotion to his family, as well as healthy hobbies such as fishing and working on cars. *Id.* Last, but not least, Monroe details that he has not had any disciplinary issues while on release and that he has routinely appeared for court ordered drug-testing. *Id.*

As a result, Monroe argues that, considering the § 3553[4] factors, and other applicable authority, early termination of supervised release is warranted in his case. *See generally* at 3–4. Neither Monroe's probation officer nor the government oppose the motion. *See id.* at 3; *see also* ECF No. 10.

II.     Analysis

Title 18, United States Code, Section 3583(e)(1) provides that a court may, after consideration of the factors set forth in 18 U.S.C. § 3553, "terminate a term of supervised release ... at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. 3583(e)(1). The § 3553 factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the

---

[3] This is a nine-month treatment program aimed at reducing drug relapse and recidivism.
[4] 18 U.S.C. §3553(e)(1).

2

need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

The information before the court demonstrates that Monroe has been fully compliant with the terms of his supervision; there are no violation reports in the docket. Monroe has been supervised for over three years and during this time, the record demonstrates that Monroe made successful efforts to rehabilitate himself and to re-integrate into the community. Neither the United States nor the Probation Office oppose the motion. I thus find good cause and that it is in the best interest of justice to terminate Monroe's supervision at this time. The court congratulates Monroe on his early termination and wishes him continued success in the future.

### III. Conclusion

IT IS HEREBY ORDERED that defendant Charles Monroe's motion to early terminate his supervised release **[ECF No. 8] is GRANTED**. His term of supervision is hereby TERMINATED, effective immediately.

IT IS FURTHER ORDERED that Monroe's motion for appointment of counsel **[ECF No. 5] is GRANTED.**

IT IS FURTHER ORDERED that Monroe's motion to seal his financial affidavit **[ECF No. 6] is GRANTED.** I kindly request that the Clerk of Court maintain seal on the affidavit (ECF No. 7) until further order of the court and to close this case.

DATED: January 10, 2024

_____
Cristina D. Silva
United States District Judge